PAGES 1 – 29

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

VISION WINE & SPIRITS, LLC, A NEW )
JERSEY LIMITED LIABILITY COMPANY, )
                              )
        PLAINTIFF,        )
                              )
  VS.                         ) NO. C 13-2884 EMC
                              )
WINERY EXCHANGE, INC., A )
CALIFORNIA CORPORATION, )
                              ) SAN FRANCISCO, CALIFORNIA
        DEFENDANT.      ) THURSDAY
                              ) AUGUST 29, 2013
_____) 1:30 O'CLOCK P.M.

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFF:**          **COZEN O'CONNOR**
                            1900 MARKET STREET
                            PHILADELPHIA, PA. 19103
              **BY:  MELANIE A. MILLER, ATTORNEY AT LAW**

**FOR DEFENDANT:**          **WINSTON AND STRAWN LLP**
                            101 CALIFORNIA STREET
                            SAN FRANCISCO, CALIFORNIA 94111-5802
              **BY:  ERIN R. RANAHAN, ATTORNEY AT LAW**

*REPORTED BY:  KATHERINE WYATT, CSR 9866, RMR, RPR*
                *OFFICIAL REPORTER - US DISTRICT COURT*
                *COMPUTERIZED TRANSCRIPTION BY ECLIPSE*

**AUGUST 29, 2013**                                   **1:30 O'CLOCK  P.M.**

                     **P R O C E E D I N G S**

**THE COURT:**  CALLING CASE C 13-2884, VISION WINE VERSUS WINERY EXCHANGE.

COUNSEL, COME TO THE PODIUM AND STATE YOUR NAMES FOR THE RECORD.

**MS. RANAHAN:**  GOOD AFTERNOON, YOUR HONOR.  ERIN RANAHAN FOR DEFENDANT WINERY EXCHANGE.

**THE COURT:**  ALL RIGHT.  THANK YOU, MS. RANAHAN.

**MS. MILLER:**  GOOD AFTERNOON, YOUR HONOR.  MELANIE MILLER FROM THE PHILADELPHIA OFFICE OF COZEN O'CONNOR FOR PLAINTIFF VISION WINE & SPIRITS.

**THE COURT:**  OKAY.  THANK YOU, MS. MILLER.

LET ME GIVE YOU SOME PRELIMINARY OBSERVATIONS.  IF ONE WERE TO LOOK AT JUST THE TERM "GR8," IF THAT WERE TO BE ADJUDICATED, I THINK THERE IS A VERY STRONG LIKELIHOOD THAT A COURT, INCLUDING THIS COURT, WOULD FIND THAT TO BE A DESCRIPTIVE TERM, NOT A DISTINCTIVE OR ARBITRARY OR FANCIFUL TERM, AND, THEREFORE, WOULD BE ONLY VERY -- NOT THE VERY LOW, PRETTY LOW END OF THE HIERARCHY OF TECHNICAL TRADEMARKS.

I THINK IN ORDER TO GET A MARK LIKE THAT YOU WOULD HAVE TO SHOW SECONDARY MEANING, ET CETERA, ET CETERA.

HOWEVER, THAT'S NOT THE MARK HERE.  THE MARK HERE IS "GR8" WITH THREE EXCLAMATION POINTS IN BACK OF IT.  AND EVEN THOUGH

THERE'S BEEN A DISCLAIMER OF "GREAT," AND EVEN IF WE WERE TO ASSUME THAT SOMEHOW THAT DISCLAIMER LOGICALLY EXTENDED TO "GR8" BECAUSE THAT IS A NOVEL SPELLING OF "GREAT" AN ASSUMPTION I'M NOT SURE IS CORRECT.  BUT I CAN UNDERSTAND THAT ARGUMENT. MY UNDERSTANDING OF THE LAW IS THAT STILL YOU HAVE TO LOOK AT ALL THE COMPONENTS WHICH COMPRISE THE COMPOSITE MARK TO DETERMINE AT LEAST A THRESHOLD QUESTION OF WHETHER IT'S SOMETHING THAT IS SUBJECT TO TRADEMARK PROTECTION.

AND IT DOES COME WITH THE PRESUMPTION GIVEN THAT, YOU KNOW, IT'S BEEN REGISTERED.  AND IT DOES HAVE THE THREE EXCLAMATION POINTS WHICH MAY MAKE -- SEEMS TO HAVE MADE A SIGNIFICANT DIFFERENCE, PARTICULARLY IN VIEW OF SOME OF THE NUMBERS THAT I'VE JUST SEEN NOW ON THE REQUEST FOR JUDICIAL NOTICE.  THE USPTO'S REJECTION OF A REQUEST FOR JUST A STRAIGHT "GR8" MARK.  AND THIS CORRESPONDENCE OR IN THE -- WHATEVER THAT MARK WAS, THE DISCUSSION THAT WAS ATTACHED TO EXHIBIT TWO TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE.

AGAIN, NOT BINDING, BUT THE EXAMINING ATTORNEY KIND OF GOES THROUGH THE ANALYSIS AND FINDS IT TO BE A DESCRIPTIVE TERM.

SO -- BUT, AS I SAID, I THINK THE CASES MAKE CLEAR THAT YOU'RE SUPPOSED TO LOOK TO THE ENTIRETY OF THE MARK.  AND EVENT A SUBSTANTIAL PORTION, COMPONENT OF THAT COMPOSITE MARK HAS BEEN DISCLAIMED AND IS NOT SUBJECT TO TRADEMARK PROTECTION BY ITSELF, THAT DOESN'T MEAN THE ENTIRE MARK GOES OUT THE WINDOW.

AND SO IT SEEMS TO ME, ALTHOUGH, YOU KNOW, THIS IS ARGUABLY A RATHER WEAK MARK EVEN WITH THE EXCLAMATION POINTS. EVEN A WEAK MARK IS ARGUABLY SUBJECT TO A PROTECTION IF THERE'S AN ALLEGATION OF -- PARTICULARLY IF THERE'S AN ALLEGATION OF SECONDARY MEANING.  AND I THINK THAT'S BEING ALLEGED HERE.

SO I JUST DON'T SEE THAT ISSUE BEING RESOLVABLE ON A 12(B)(6) OR ON A MOTION TO DISMISS.  IT MAY BE THERE'S A SUMMARY JUDGMENT MOTION COMING RIGHT AROUND THE CORNER.  AND I'D BE CURIOUS TO SEE WHAT THE EVIDENCE IS BECAUSE TO FIND SECONDARY MEANING TO A TERM "GR8" JUST BECAUSE IT HAS SOME EXCLAMATION POINTS, I'M NOT SAYING THAT'S NOT POSSIBLE, BUT THAT'S NOT GOING TO BE AN EASY TASK BECAUSE OF THE WEAKNESS OF THAT MARK AND GIVEN THE PREDOMINANCE OF THE "GR8" PART OF IT.

YOU KNOW, I'D WANT TO SEE SOME REAL INDICATION, SOME REAL EVIDENCE OF SECONDARY MEANING HERE. BUT WE'RE ONLY 12(B)(6). WE'RE NOT A RULE 56.

**MS. RANAHAN:**  THANK YOU, YOUR HONOR.  IF I COULD JUST RESPOND?

**THE COURT:**  YES.

**MS. RANAHAN:**  SO THE POINT OF OUR WHOLE, YOU KNOW, THE EXCLAMATION MARKS AND MAKING THE POINT THAT WE ARE USING THOSE EXCLAMATION MARKS, I THINK THAT IF YOU LOOK AT THE BOTTLE OF WINE THAT IS AT ISSUE -- AND IT'S ATTACHED TO THE COMPLAINT MARKED AS EXHIBIT B -- OUR CLIENT IS NOT EVEN USING THE "GR8" AS A TRADEMARK.  IT IS SORT OF IN THE BACKGROUND AS PART OF THE

ACRONYM "WINE."  AND IT ACTUALLY SPELLS IT OUT "GREAT, G-R-E-A-T" RIGHT UNDER THAT.  AND IT IS BEING USED AS ONE OF SEVERAL ACRONYMS IN THE BACKGROUND.  IF WE WERE USING "GR8" AS THE MAIN TRADEMARK IN SELLING OUR WINE THAT WAY THAT WOULD BE ONE THING.  BUT HERE IT'S SO -- I MEAN, IT'S SUCH A STRAIGHT -- IT'S SO -- ONE OF THE MANY ACRONYMS USED IN THE BACKGROUND OF THE LABEL THAT IT'S NOT EVEN BEING USED AS A TRADEMARK.

SO WHILE I KNOW YOU COMPARE THE TWO TRADEMARKS IF WE WERE GOING TO GET THAT FAR IN THIS CASE, HERE IT'S JUST NOT EVEN A TRADEMARK.

SO THAT'S WHY WE ALSO ARGUE FAIR USE, YOUR HONOR, EVEN IF SECONDARY MEANING IS ESTABLISHED AND EVEN IF THERE'S SOME CONFUSION THAT THEY CAN SHOW, FAIR USE, IF IT'S USED IN GOOD FAITH, IF IT'S USED TO DESCRIBE OUR PRODUCT AND IT'S NOT BEING USED AS A TRADEMARK, YOU KNOW, WE CAN SEE IT ON FAIR USE, IN ANY EVENT.  AND WHEN YOU HAVE TO GO THROUGH THE TROUBLE OF GETTING AN EXPERT TO DO A SURVEY, AND THAT'S VERY EXPENSIVE.

AND FOR US TO GO THROUGH ALL THAT PROOF, THE OBVIOUS FAIR USE DEFENSE THAT WE CAN SHOW JUST FROM THE PLEADINGS AND LOOKING AT THE BOTTLE, WE WOULD JUST ASK THAT YOU LOOK AT THAT AGAIN.

**THE COURT:**  OKAY.  SO LET'S TALK ABOUT THE FAIR USE NOTION, WHICH I GUESS IS DIFFERENT FROM SAYING NONINFRINGEMENT, ALTHOUGH --

**MS. RANAHAN:**  CORRECT.  FAIR USE IS ALMOST ASSUMING

INFRINGEMENT.  AND, YOU KNOW, WE'RE JUST SAYING IF YOU WANT TO CALL THIS INFRINGEMENT, WHICH YOU'RE DOING IN YOUR MOTION, JUST LOOK AT THE THREE FACTORS OF CLASSIC FAIR USE, WHICH ARE IT'S BEING USED TO DESCRIBE, WHICH I DON'T THINK ANYONE CAN DISPUTE THE WAY WE'RE USING IT, IT IS BEING USED TO DESCRIBE.

IT'S NOT BEING USED AS A TRADEMARK.  I MEAN, OUR CLIENTS NEVER TRIED TO REGISTER IT, NEVER USED IT AS A TRADEMARK.  THE WINE IS CLEARLY CALLED "ACRONYM WINE," OR "ACRONYM," AND THEN RIGHT BELOW IT IT SPELLS IT OUT.

IT'S JUST ONE OF MANY ACRONYMS IN THE BACKGROUND.  IT'S JUST LIKE A CLASSIC COMMUNICATION THAT'S HAPPENING ON THE BACKGROUND OF THE LABEL.  IT'S NOT ANY TRADEMARK.

THE COURT:  BUT IF IT WAS MEANT TO BE PURELY DESCRIPTIVE WHY NOT JUST USE THE WORD "GREAT"?

MS. RANAHAN:  WELL, WE DID.  I MEAN, IF YOU LOOK AT THE BOTTLE WE USE BOTH.

THE COURT:  SOME OF THEM SAY "GREAT," BUT THEN --

MS. RANAHAN:  RIGHT.

THE COURT:  --  THERE'S SOME LABELS THAT HAVE THE --

MS. RANAHAN:  AND THERE'S SO MANY WINE COMPANIES THAT USE "GR8."  WE MEAN, WE ATTACHED SEVERAL OF THEM TO MY DECLARATION AND HAVE FOUND SEVERAL SINCE.  IT'S A VERY COMMON WAY TO DESCRIBE WINE, ESPECIALLY BECAUSE I THINK THE NATURE OF THE BUSINESS, PRETTY, YOU KNOW, SMALL LABELS.  AND IT'S AN EASY WAY TO SAY IT.

BUT IT'S NOT JUST THESE TWO CLIENTS IN THIS CASE, YOUR HONOR.  IT'S ALSO MANY, MANY OTHER WINE COMPANIES ARE USING "GR8" TO DESCRIBE THEIR WINE.

AND IT'S JUST THE EXAMPLES THAT PLAINTIFF ATTACHED TO THEIR SUPPLEMENTAL BRIEF FILED A COUPLE OF DAYS AGO, YOUR HONOR.  THOSE EXAMPLES JUST AREN'T USED IN A DESCRIPTIVE SENSE LIKE WHAT WAS SO OBVIOUSLY HAPPENING HERE.  AND SO JUST TO, YOU KNOW, AVOID THE BURDEN OF THE COURT AND COST AND PROVING CONFUSION AND GOING THROUGH THIS WHOLE CASE WHEN EVEN AS YOUR HONOR RECOGNIZES IT'S A VERY WEAK MARK, I THINK WE CAN ALL AGREE WITH THAT.  MAYBE NOT.

**MS. MILLER:**  I DON'T AGREE, NOT SURPRISINGLY.

**MS. RANAHAN:**  COUNSEL WOULDN'T AGREE TO THAT.  BUT, I MEAN, WE'RE TRYING TO -- THIS IS -- TO GET A TRADEMARK CASE, TO PROVE THOSE ELEMENTS, IT'S VERY EXPENSIVE.

**THE COURT:**  WELL, I UNDERSTAND THAT.  ON THE OTHER HAND, AT A VERY EARLY STAGE, YOU SAY AS A MATTER OF LAW, IT MAY NOT BE SO EASY.  I MEAN, I GUESS, FOR INSTANCE, EXHIBIT B TO THE COMPLAINT IS THE ANNOUNCEMENT:

"WINERY EXCHANGE LAUNCHES ACRONYM GR8" --

**MS. RANAHAN:**  RIGHT.

**THE COURT:**  -- "RED WINE."

**MS. RANAHAN:**  RIGHT.  RIGHT.  AND THERE'S HUNDREDS OF WINE COMPANIES THAT USE "GR8" IN THEIR ANNOUNCEMENT.

**THE COURT:**  WELL, THAT MAY BE.  BUT TO SAY THAT THAT

IS PURELY DESCRIPTIVE AND NOT MEANT IN A TRADEMARK-LIKE SENSE, ESPECIALLY WHEN THAT'S NOT EVEN ON THE LABEL.  THAT'S IN A PRESS RELEASE.

**MS. RANAHAN:**  RIGHT.

**THE COURT:**  ALL IT TOOK WAS TWO MORE CHARACTERS TO SELL G-R-E-A-T.  AND SO ONE HAS TO -- ONE COULD INFER FROM THAT THAT IT WAS MEANT TO HAVE ALMOST A MARK-KIND OF EFFECT ON THE PUBLIC AND NOT A PURE DESCRIPTIVE.

**MS. RANAHAN:**  JUST ONE OTHER --

**THE COURT:**  YOU KNOW, THERE'S "GR8W" AND "GR8WW."

**MS. RANAHAN:**  RIGHT.

**THE COURT:**  AND I'M NOT SAYING AT THE END OF THE DAY YOU WOULDN'T PREVAIL.

**MS. RANAHAN:**  RIGHT.

**THE COURT:**  I'M SAYING MY GUT REACTION -- I'M ALWAYS HESITANT TO SAY SOMETHING WHEN I DON'T KNOW MUCH ABOUT THE CASE, BUT I WILL SAY THIS:  THIS IS ONE OF THE WEAKER MARKS, IT SEEMS TO ME.  BUT I WANT TO SEE THE EVIDENCE OF SECONDARY MEANING.

BUT THE FACT THAT IT'S A WEAK MARK ALSO MEANS NOT JUST IN TERMS OF PROTECTABILITY OR NOT, BUT I MEAN IN PROVING INFRINGEMENT WITH ALL THE OTHER USES OF "GR8" AND HOW COMMON IT IS OUT THERE.  THE IDEA THAT ANYBODY WHO USES "GR8" TO DESCRIBE ANYTHING LIKE WINE IS GOING TO ASSOCIATE THAT AND BE CONFUSED AND MISTAKE THAT FOR A PRODUCT OF THE PLAINTIFF, I DON'T KNOW.

BUT WE'RE NOT THERE YET.

I MEAN, I KNOW YOU WOULD LIKE TO GET OUT FROM UNDER THIS CASE --

**MS. RANAHAN:**  I WISH WE --

**THE COURT:**  -- BUT, YOU KNOW, 12 (B) (6) YOU HAVE TO DRAW THE INFERENCES IN FAVOR OF THE NONMOVING PARTY.

**MS. RANAHAN:**  I UNDERSTAND, YOUR HONOR.

**THE COURT:**  AND, YOU KNOW --

**MS. MILLER:**  AND, YOUR HONOR, WE WOULD OBVIOUSLY STRONGLY DISAGREE THAT IT'S NOT BEING USED AS A TRADEMARK. THESE WINES ARE BEING STACKED SIDE-BY-SIDE IN CERTAIN LOCATIONS.  WE WOULD STRONGLY DISAGREE.

WINERY EXCHANGE HAD NOTICE WITHIN 15 DAYS OF THE LAUNCH THAT WE WERE USING THIS AND HAD A FEDERAL TRADEMARK REGISTRATION AND DELIBERATELY CHOSE TO CONTINUE ON WITH THE USE OF THE MARK.  AND IT IS BEING USED AS A MARK.

AND, EITHER WAY, WHETHER YOU OR I DISAGREE, IT REALLY IS AN ISSUE OF FACT AS TO WHETHER OR NOT WINERY EXCHANGE'S USE IS FAIR AS THAT IS DEFINED AS THE AFFIRMATIVE DEFENSE.

**THE COURT:**  WELL, I THINK THERE ARE ENOUGH FACTUAL ISSUES THAT WOULD APPEAR, AT LEAST AT THIS JUNCTURE NOW, YOU KNOW.  WHEN WE GET TO SUMMARY JUDGMENT, WHETHER THAT CHANGES, I DON'T KNOW.

**MS. RANAHAN:**  AND JUST ONE MORE POINT, YOUR HONOR. THE WINE IS CALLED "ACRONYM."

**THE COURT:**  YES.

**MS. RANAHAN:**  AND SO OUR PLAY ON IT IS OBVIOUSLY THAT IT'S AN ACRONYM FOR RED WINE.  AND SO IT'S OUR RED WINE OR WHITE WINE THAT WE PUT OUT THERE WITH ACRONYMS IN THE BACKGROUND.

SO THAT'S OUR ARGUMENT THAT IT'S NOT BEING USED AS A TRADEMARK.  IT'S NEVER BEEN REGISTERED.  IN ALL OF THE PLAINTIFF'S OTHER MARKS THAT HAVE THE THREE EXCLAMATION MARKS, LIKE "WTF" AND "LOL" AND A LOT OF COMMON PHRASES THAT PEOPLE USE IN TEXTING --

**THE COURT:**  YES.

**MS. RANAHAN:**  -- THOSE ARE NOT DESCRIPTIVE OF WINE. SO JUST TO DISTINGUISH, WE ARE NOT TRYING TO ATTACK ANY OF THE OTHER MARKS OR PLAINTIFF'S ABILITY TO LABEL WINE WITH TEXTING ACRONYMS OR THREE EXCLAMATION MARKS.

IT'S JUST IN THIS PARTICULAR CASE, IN THIS MARK, ONLY THIS MARK OF ALL THEIR MARKS, HAPPENS TO BE A DESCRIPTIVE WORD, A VERY COMMON DESCRIPTIVE WORD THAT IS USED WIDELY.  SO I THINK YOUR HONOR RECOGNIZES THE WEAKNESS.  AND, YOU KNOW, WE'RE JUST TRYING TO AVOID, OBVIOUSLY, THE EXPENSES OF A LITIGATION THAT WE BELIEVE IS VERY STRONG IN OUR FAVOR.

**THE COURT:**  WELL, I UNDERSTAND.  AND I'VE EXPRESSED MY SKEPTICISM, WHICH I NORMALLY DON'T LIKE TO DO AT THIS EARLY OF A STAGE BECAUSE A LOT OF TIMES I DON'T KNOW ALL THE FACTS.

I'M JUST SAYING I'M JUST GIVING YOU MY GUT REACTION

LOOKING AT THE EXHIBITS, LOOKING AT THE FACTS, THOSE EXCLAMATION POINTS, I THINK, ARE SIGNIFICANT.  AND WHEN YOU DON'T HAVE THOSE AND YOU GO AFTER SOMETHING JUST USING THE WORD "GR8" I'M NOT SAYING IT'S IMPOSSIBLE.  BUT THAT'S GOT TO BE A TOUGH ROW TO HOE.

BUT AT THIS JUNCTURE I'M GOING TO DENY THE MOTION TO DISMISS FOR THE REASONS WHY I'VE STATED.  AND LIKE THE LAST CASE, I ASSUME WE'VE GOT A CASE MANAGEMENT CONFERENCE COMING UP.

**MS. MILLER:**  WE DO, YOUR HONOR.

**MS. RANAHAN:**  WE DO.

**THE COURT:**  AND I DON'T KNOW IF YOU'VE BEGUN TO TALK ABOUT SOME KIND OF ADR PROCESS, BUT I THINK YOU WOULD BE WELL SERVED TO BE PREPARED WHEN WE DO GET GOING TO TALK ABOUT THAT.

**MS. RANAHAN:**  THANK YOU.

**THE COURT:**  AND, ANYWAY, THAT'S MY VIEW AT THIS POINT.

**MS. RANAHAN:**  THANK YOU, YOUR HONOR.

**MS. MILLER:**  THANK YOU, YOUR HONOR.

**THE COURT:**  THANK YOU.

**THE CLERK:**  COURT IS ADJOURNED.

(THEREUPON, THIS HEARING WAS CONCLUDED.)

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR  925-212-5224

STENOGRAPHY CERTIFICATION

"I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
SEPTEMBER 5, 2013
KATHERINE WYATT

*Kathy Wyatt*

KATHERINE WYATT, OFFICIAL REPORTER, RPR, RMR   925-212-5224